UNITED STATES of America,
Respondent—Appellee,

v.

Bruce E. JOHNSON, Petitioner—
Appellant.

No. 04–15397.

D.C. No. CV–01–03198–MHP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Dec. 23, 2004.

Sharon M. Bunzel, Esq., Office of the U.S. Attorney, Oakland, CA, Stephanie Hinds, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

William Weiner, Esq., San Francisco, CA, for Defendant–Appellant.

Before KOZINSKI, W. FLETCHER, and BYBEE, Circuit Judges.

MEMORANDUM *

Bruce E. Johnson appeals from the district court's denial of his petition for a writ of habeas corpus. Johnson argues that before he pled guilty to federal bank robbery charges, the district court promised him that he would complete his federal sentence prior to being returned to state custody to serve time remaining on a prior state court conviction. It appears that the California state courts would have been willing to allow Johnson to receive credit towards his state sentence for time previously spent in federal prison. Thus, if Johnson had been allowed to serve his federal sentence first, the sentences would likely have been rendered concurrent as a practical matter. Johnson seeks specific performance of the asserted promise in the form of credit toward his federal sentence for time served in California state prison.

We review the district court's denial of a federal prisoner's 28 U.S.C. § 2255 motion de novo. We have reviewed the transcript of the plea colloquy, and we do not find anything in it that clearly indicates the district court made the promise that Johnson alleges. Though the exchange between Johnson and the district court was somewhat confused, we do not find a sufficient basis for specifically enforcing the promise Johnson argues he received. We are especially reluctant to require specific

---

1. We lack jurisdiction to address McKissick's remaining arguments, because they are beyond the scope of the COA.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

performance where, as here, the district court lacked the power to make the promise Johnson reads into the plea colloquy. *See Taylor v. Reno,* 164 F.3d 440, 444 (9th Cir.1998) (holding that a district court does not have authority to order a defendant into federal custody to commence a federal sentence when the defendant appears in federal court pursuant to a writ of habeas corpus ad prosequendum).

AFFIRMED.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.